# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 12, 2003

## STATE OF TENNESSEE v. CHRISTINA B. JONES

### Direct Appeal from the Criminal Court for Williamson County
### No. I-1101-357-A    Donald P. Harris, Judge

---

### No. M2002-02428-CCA-R3-CD - Filed June 23, 2003

---

JOSEPH M. TIPTON, J., dissenting.

I respectfully disagree with some of the reasoning and the result reached in the majority opinion. I do not believe that the state overcame the presumption that the defendant is a favorable candidate for alternative sentencing. I would hold that she is entitled to a sentence that does not involve time confined in jail. In this respect, I disagree with the view in the majority opinion as to what constitutes an alternative sentence.

The majority opinion states that a sentence involving split confinement constitutes an "alternative sentence." Other panels of this court have stated the same regarding split or periodic confinement. Some opinions state that alternative sentencing includes split and periodic confinement without providing any explanation of this conclusion. See, e.g., Ernest Lee Lands, Jr. v. State, No. 03C01-9404-CR-00145, Blount County (Tenn. Crim. App. May 19, 1995); State v. Alvin Lee Lewis, No. 01C01-9404-CC-00125, Williamson County (Tenn. Crim. App. Mar. 14, 1995). Several opinions have referred to Tenn. Code Ann. § 40-35-104 to reach a similar conclusion. See, e.g., State v. Marjorie Jeanette Sneed, No. 03C01-9410-CR-00369, Blount County (Tenn. Crim. App. Oct. 17, 1995); State v. Danny Allison, No. 03C01-9403-CR-00106, Jefferson County (Tenn. Crim. App. Mar. 23, 1995). Section 104 is entitled "Sentencing Alternatives" and subsection (c) provides the alternatives available to the courts in sentencing defendants. I cannot equate alternative sentencing to sentencing alternatives.

Recently, a panel of this court stated that an alternative sentence is one that does not include total confinement. State v. Sherry L. Williams, No. E2002-01288-CCA-R3-CD, Sullivan County (Tenn. Crim. App. Feb. 13, 2003). The opinion cites State v. Adrianne Elizabeth Noles, No. W2002-01558-CCA-R3-CD, Haywood County (Tenn. Crim. App. Dec. 12, 2002), and "generally" State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Noles states, "An alternate sentence is any sentence that does not involve total confinement. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001)." Noles, slip op. at 3. However, in reading Fields, I find nothing in the way of analysis, holding, or dictum to support such a statement. The closest is when the supreme court notes that this court affirmed the

trial court's decision "to forego alternative sentencing in favor of a sentence of total confinement . . . ." Fields , 40 S.W.3d at 438. And near the end of the opinion, the court states, "Without specific proof to justify a sentence of incarceration, we find that the defendant Fields remains a favorable candidate for alternative sentencing." Id. at 442.

The question to be resolved is what is meant by an alternative sentence, i.e., to what is the sentence an alternative. One possible interpretation is that the alternative is a sentence to confinement in the Department of Correction (DOC) prison system. Support stems from the following provisions of Tenn. Code Ann. § 40-35-102:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and

> (6) A defendant who does not fall within the parameters of subdivision (5) and who is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

The reference to subdivision (5) in (6) might indicate that (6) is meant to provide a presumption that the defendant should not be sent to prison, as opposed to the local jail or workhouse.

However, Tenn. Code Ann. § 40-35-103 provides, in part, the following:

> (1) Sentences involving confinement should be based on the following considerations:

> > (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> > (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> > (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

With the subsection referring to sentences involving confinement, not <u>to</u> confinement, I believe that the considerations must exist to some degree before any confinement may be required. Also, in <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991), our supreme court viewed the existence of one of the considerations in § -103(1) to be necessary before the presumption in § -102(6) may be overcome.[1] From <u>Ashby</u>, I conclude that the presumption in § -102(6) relates to an alternative sentence that is an alternative to any confinement, be it prison or jail. A similar approach was used by this court in <u>State v. Fletcher</u> in which the court stated that "a defendant who does not meet the parameters of T.C.A. § 40-35-102(5) is vested with a rebuttable presumption that a sentence other than incarceration would result in successful rehabilitation." 805 S.W.2d 785, 787 (Tenn. Crim. App. 1991); <u>accord</u> <u>State v. Hartley</u>, 818 S.W.2d 370, 373-74 (Tenn. Crim. App. 1991). Needless to say, I do not believe that the proposition that the alternative is <u>total</u> confinement is supported by the Sentencing Act or published opinions.

Given my conclusion regarding the presumption for alternative sentencing, I would hold that the defendant in the present case should receive a sentence that does not include confinement. I do not believe that the presumption has been overcome.

First, I note that the trial court stated that the enhancing and mitigating factors were not at issue. To the contrary, Tenn. Code Ann. § 40-35-210(b) provides that such factors are to be considered in determining sentencing alternatives, which obviously include probation and a community corrections sentence. In this respect, the record reflects that the offense did not cause or threaten bodily injury. Also, although she was arrested after her arrest in this case for another theft occurring shortly before the present offense, she successfully completed a probationary term in that case before her present sentencing. The state belittles her successful completion by noting that she was motivated because of her concern for sentencing in the instant case. I see the opposite, though. She has proven she is motivated to comply with the requirements of probation. On the other hand, the record reflects that the codefendant got into further trouble while on probation and on bond in this case.

The majority opinion states that the defendant denied responsibility at the sentencing hearing, but I see no such denial. In their testimony, the defendant and her codefendant differed in their view of the extent of the defendant's culpability, but she was not denying her guilt. Most importantly, the trial court stated that it was unable to conclude who was telling the truth about the various

---

[1] <u>Ashby</u> dealt with the original version of Tenn. Code Ann. § 40-35-102(6) (1989 Supp.) which provided the following:

> Defendants who do not fall within the parameters of subdivision (5) and receive a sentence of eight (8) years or less are presumed in the absence of evidence to the contrary to possess capabilities for rehabilitative alternative sentencing options in the discretion of the court and these are specifically encouraged.

Thus, the present law limits the presumption by felony class and offender status. However, this court has viewed the presumption for a non-incarcerative sentence to be stronger. <u>See</u> <u>State v. Fletcher</u>, 805 S.W.2d 785, 788 n.2 (Tenn. Crim. App. 1991).

differences. In other words, the trial court did not find her to be untruthful and I fail to see how this court can do otherwise. In any event, I do not see how these circumstances overcome the presumption for alternative sentencing.

The record does support the trial court's concern regarding the defendant's lack of education, lack of stable employment, and birth of a child out of wedlock while the case was pending. However, I view these concerns to relate more to the nature of supervision and rehabilitation of the defendant than to her confinement. In consideration of the foregoing, I would remand the case to the trial court for imposition of a sentence that is geared to rehabilitate the defendant in order to make her a more productive member of society but that does not include incarceration.

_____
JOSEPH M. TIPTON, JUDGE